GEORGE H. BOWEN *et al. vs.* THOMAS A. BOWEN *et als.*

A party to a bill in equity presenting an account before a master in chancery is a witness called by his opponent, and is not within the prohibition of the proviso to Pub. Stat. R. I. cap. 214, § 33.

BILL IN EQUITY to set aside a conveyance of realty and for an account. On exceptions to the master's report.

*June* 18, 1892. The court overruled the exceptions to the master's report, and in its rescript said *inter alia :* —

"In an accounting, the first step is for the master to require the accounting party to present an account under oath. This may properly be regarded as done at the instance of the party whose suit renders the taking of an account necessary, and the party presenting the account may therefore, in so doing, properly be regarded as testifying upon the call of his opponent, and hence as not within the prohibition contained in the proviso to Pub. Stat. R. I. cap. 214, § 33." [1]

*Henry J. Dubois*, for complainants.
*Eugene H. Lincoln*, for respondents.

---

[1] As follows : —

SECT. 33. No person shall be disqualified from testifying in any action at law, suit in equity, or other proceeding at law or in equity, by reason of his being interested therein, or being a party thereto : *provided,* that whenever an original party to the contract or cause of action is dead, or is shown to the court to be insane, or whenever an executor or administrator is a party to the suit, the other party may be called as a witness by his opponent, but shall not be admitted to testify upon his own offer, or upon the call of his coplaintiff or codefendant, otherwise than now by law allowed, unless a nominal party merely, or unless the

---

contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the decease of the executor's testate or administrator's intestate ; and *provided*, further, that no person shall be admitted to testify in any suit which was pending on the twenty-eighth day of March, one thousand eight hundred and seventy-seven, in which either of the parties to the original contract or cause of action was then dead, by virtue of the exceptions aforesaid, as to cases in which the contract in issue was originally made with a person who is living and competent to testify, and as to such acts and contracts as have been done or made since the decease of the executor's testate or administrator's intestate.